### HIRSH v. DUVAL CO.

(Supreme Court, Appellate Term. November 14, 1906.)

SALES—IMPLIED WARRANTY TO PURCHASER — WAREHOUSEMAN — SALE FOR CHARGES.

On a sale for charges by warehousemen of unclaimed goods, there is no implied warranty to the purchaser that cases listed in the catalogue as "German dyestuff" contained such commodity; the announcement in the catalogue: "Examine the goods before buying, as the description on this catalogue and contents of package are not guarantied. The goods are sold as they are at time of sale, and no allowance will be made for any cause" —having been read at the sale.

Appeal from Municipal Court, Borough of Manhattan, First District.
Action by Charles Hirsh against the Duval Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.
Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Thomas E. Rush, for appellant.
George H. Epstein, for respondent.

GILDERSLEEVE, J. The plaintiff in this action recovered a judgment for the amount paid by him for certain cases of merchandise,

which he purchased at an auction sale held by the defendant. It appears that the defendants are warehousemen, and as such had delivered to them certain merchandise, which, after retention by them for a certain time required by law, they are allowed to sell at public auction for the charges thereon. At a sale of this kind, a catalogue of unclaimed goods was issued by the defendant, in which, under the list Nos. 124 and 125, was listed 13 cases "German dyestuff." These cases were put up and sold; the plaintiff becoming the purchaser. Upon examining the cases the contents were found to contain a species of coal of no value. An offer to return the cases and contents and a demand for the return of the purchase price was made upon and refused by the defendant.

The recovery herein is based upon the theory that the description of the goods sold as "German dyestuffs" was a warranty. Ordinarily the sale of a chattel of a particular description imports a warranty that the article sold is of that description (White v. Miller, 71 N. Y. 118, 27 Am. Rep. 13) ; but the circumstances under which the sale was made in the case at bar are materially different than the sales made in the usual course of business. This sale was announced to the intended purchasers as one of "unclaimed merchandise." The terms of sale were read to all buyers present, presumably to the plaintiff, as he does not dispute the fact; such terms being "net cash," etc., and then was also read these words, which appeared upon the first page of the catalogue:

"Buyers Beware.

"Examine the goods before buying, as the description on this catalogue and contents of packages are not guarantied. The goods are sold as they are at time of sale, and no allowance will be made for any cause whatever."

The purchaser, therefore, had ample notice that no warranty could be implied from any description of goods contained in the catalogue, and that he purchased at his peril. He was not compelled to purchase. It does not appear that he sought any opportunity to examine the contents of the cases before he purchased, which he was notified that he might do, and there is no claim made that there was anything said or done to mislead him in any way as to the actual contents of the cases purchased by him, other than the description contained in the catalogue, which was expressly nullified as to any implied warranty of the contents of the cases by the explicit announcement that the description contained in the catalogue must not be taken as a guaranty of the contents.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.